UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-20633-CR-MARTINEZ

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**ESSON TIMAR,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

On or about February 18, 2009, court-appointed defense counsel Harry M. Solomon ("Mr. Solomon" or "Counsel") submitted a voucher, No. FLS 05 2802 ("the voucher"), with appended time sheets requesting $2,472.30 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Mr. Solomon was appointed CJA counsel for Defendant Esson Timar ("Defendant") on December 14, 2005 following Defendant's criminal conviction. Mr. Solomon represented Defendant for approximately thirty-eight (38) months, from 12/14/05 until 2/12/09.

Counsel seeks $2,472.30 for his work related to the re-sentencing of Defendant, an amount which exceeds the $1,700.00 maximum allowed under the CJA for this type of representation. As a result, the Honorable Judge Jose E. Martinez referred the voucher to the undersigned for a Report and Recommendation as to the appropriateness of the fees requested. See 28 U.S.C. § 636(a); see also United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration
## of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *United States v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "extended" or "complex" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total

processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### *This Case Involved Extended Representation*

Here, the applicable CJA maximum allowed compensation amount allowed for representation related to re-sentencing is $1,700.00. Counsel's fee request exceeds this maximum. Consequently, in order for me to recommend approval of any amount in excess of $1,700.00, I must conclude that this case involve "extended" or "complex" representation and that the amount requested is necessary to provide Counsel with fair compensation. I find that this case was indeed extended.

Counsel was appointed CJA counsel for Defendant on December 2, 2005. Counsel diligently worked on this matter from December 2005 until Defendant was resentenced in January 2009. As Counsel worked on this matter for more than three years, I believe that this case did require more time for total processing than the average re-sentencing and is thus properly considered extended. *See id.* As a result, Counsel is entitled to more than the $1,700.00 statutory maximum allowed for re-sentencing proceedings under the CJA. I will now undertake a detailed review of each entry listed in the voucher to determine an adequate award for Counsel in this matter.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to the undersigned's review. Counsel listed 0.8 in-court hours at $100/hour incurred on 2/11/09 for a total of $80.00. After verifying the in-court time with the Court's minutes, the CJA administrator made no changes to this amount.

The CJA administrator reviewed the $2,288.60 billed by Counsel for 24.9 out-of-court hours as follows: 1.00 hour in 2005 (.90 hours for "Interviews and conferences"; .10 hours for "Investigative and other work"); 9.60 hours during the period 01/01/06 - 5/19/07 (7.20 hours for "Interviews and conferences"; 2.4 hours for "Investigative and other work"); 4.1 hours during the period 05/20/07 - 12/31/07 (3.80 hours for "Interviews and conferences; .3 hours for "Investigative and other work") and 10.20 hours incurred after 01/01/08 (5.10 hours for "Interviews and conferences"; 5.10 hours for "Investigative and other work"). The administrator made no changes to the total amount billed for out-of-court hours, however, the administrator did make a small change in the allocation of some of Counsel's time.[1] Counsel also claimed a total of $14.30 in travel expenses. The CJA administrator made no changes to this amount.

### *Undersigned's Review and Recommendation*

In making this recommendation, this Court reviewed the fee request and time sheets submitted, and the case record as it relates to Counsel's representation of Defendant.

As a matter of background, Counsel represented Defendant after he was initially convicted of a single count of conspiracy to possess with intent to distribute 50 grams or more of "crack" cocaine. **[DE # 25]**. Defendant was originally sentenced to a term of 151 months in prison. **[DE # 25]**. Counsel filed a Motion For Reduction of Sentence Pursuant to 18 U.S.C. § 3582 (c)(2) Due to Change in Crack Cocaine Guideline **[DE # 29]** which was granted.

---

[1] The CJA administrator corrected Counsel's request for 2.70 out-of-court hours during the time period 01/01/06 - 05/19/07 for "Investigative and Other Work" to reflect that 2.40 hours were billed during the time period 01/01/06 - 05/19/07 and 0.30 hours were billed during the period 05/20/07 - 12/31/07.

The United States later filed a motion to reduce sentence under Federal Rule of Criminal Procedure 35 **[DE # 34]** on behalf of Defendant which was also granted by the Court. Counsel later filed a Motion for Reconsideration **[DE # 36]** of the Court's order granting the government's motion to reduce sentence, asking the Court to reduce Defendant's sentence even further. The Court granted the motion, re-sentencing Defendant to 65 months in prison. Counsel now seeks compensation for his representation of Defendant with respect to Defendant's re-sentencing.

### In-Court Hours

Counsel seeks $ 80.00 for 0.8 in-court hours at a rate of $100.00/hour spent at the re-sentencing hearing on February 11, 2009. The CJA Administrator made no corrections to this time. I approve this amount as reasonable.

### Out-of-Court Hours

Counsel seeks $2,472.30 for 24.9 out-of-court hours spent on this case. I have reviewed all of the entries listed on the time sheets and the total time claimed for each of the task categories.[2] I conclude that Counsel has not adequately explained or justified a few of the time entries listed by Counsel on the voucher, and, accordingly, those time entries should be reduced. The Supplemental Instructions for Completing CJA20 Vouchers require that all "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation must be identified." Because Counsel has not properly indicated the reason for the duration of some of his telephone conferences, I must

---

[2] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

reduce Counsel's compensation for each of these telephone conferences to 0.10 hours:

| | | |
|---|---|---|
| 12/12/05 | "Telephone with AUSA Bill Howell" (.20 hours) |
| 12/15/05 | "Telephone with AUSA Davis" (.20 hours) |
| 1/06/06 | "Telephone with SA Beasley - DEA" (0.30 hours) |
| 1/06/06 | "Telephone with AUSA Bill Howell" (.20 hours) |
| 2/24/06 | "Telephone with AUSA Davis" (.20 hours) |
| 4/05/06 | "Telephone with SA Beasley" (.20 Hours) |
| 4/17/06 | "Telephone with SA Beasley" (.20 Hours) |
| 8/23/06 | "Telephone with AUSA Davis" (.20 hours) |
| 2/12/07 | "Telephone with AUSA Morales" (.20 Hours) |
| 9/30/08 | "Telephone with AUSA Morales" (.20 Hours) |
| 1/20/09 | "Telephone with AUSA Eric Morales" (.20 Hours) |
| 1/21/09 | "Telephone with ASA [sic] Bill Howell" (.20 Hours) |

Similarly, Counsel has not adequately justified compensation in excess of 0.10 hours for the following time entries:

| | |
|---|---|
| 01/26/06 | "Memo to file" (.30 hours) |
| 4/16/07 | "Prep. Memo to file" (.20 hours) |
| 7/11/07 | "Prep, [sic] Memo to file" (.20 hours) |
| 3/26/08 | "Prep. Memo to file" (.20 hours) |
| 4/30/08 | "Prep. Memo to file" (.20 hours) |
| 8/13/08 | "Prep. Memo to file" (.30 hours) |
| 10/1/08 | "Prep. Memo to file" (.30 hours) |

Without any detailed explanation for the purpose of these entries, I am unable to determine whether these entries constitute a "reasonable use of billable time." 18 U.S.C. § 3006A(d)(5). Consequently, I recommend that Counsel be compensated 0.10 hours for each of these entries. I conclude, however, that the remainder of the out-of-court hours spent by Counsel on this matter were reasonably expended.

I commend Counsel for his professionalism and willingness to take this and other appointments over the years; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, the courts have the inherent obligation to ensure that claims for taxpayer provided monies are justified. *U.S. v. Smith,* 76 F.Supp.2d 767, 768 (S.D. Texas 1999). As I have often quoted, when deemed appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *Id.* at 769. With this principle in mind, I conclude that some of the out-of-court time spent by Counsel is not properly substantiated, and as a result, the small reductions detailed in this Order are necessary.

## CONCLUSION

In sum, based upon my review of the voucher, having personally reviewed the time sheets and the case record as it relates to Counsel's voucher, I am **RECOMMENDING** that Counsel be paid a total of $2,335.74 ($80.00 for in-court hours, $2,241.44 in out-of-court hours and $14.30 in expenses), as fair and final compensation for his work on this case.

Respectfully submitted this 27 day of May, 2009.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

## OBJECTIONS

In accordance with 28 U.S.C. §636(b)(1), the parties shall have ten (10) days from receipt of this Report and Recommendation in which to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Copies furnished to:

>    Honorable Judge Jose E. Martinez
>    Harry M. Solomon, Esq.
>    Lucy Lara, CJA administrator